1  BANNING MICKLOW BULL & LOPEZ LLP
   Edward M. Bull III, SBN 141996
2  Eugene A. Brodsky, SBN 36691
   Jennifer L. Fiore, SBN 203618
3  One Market, Steuart Tower, Suite 1440
   San Francisco, California 94105
4  Telephone: (415) 399-9191
   Facsimile: (415) 399-9192
5
   Attorneys for Plaintiff
6  LESTER A. FERREIRA SR.
   and EVA JEAN FERREIRA
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 | LESTER A. FERREIRA SR.        ) CASE NO.  CIV. S-04-1916 MCE
   | and EVA JEAN FERREIRA,        ) DAD
11 |                               )
   |          Plaintiffs,          ) **PLAINTIFFS' EX PARTE**
12 |                               ) **APPLICATION FOR AN ORDER**
   | vs.                           ) **CONTINUING THE HEARING**
13 |                               ) **ON AND THE DEADLINE FOR**
   | M/V CCNI ANTOFAGASTA, her     ) **FILING AN OPPOSITION TO**
14 | engines, tackle, apparel, furniture, etc., ) **DEFENDANT PORT OF**
   | *IN REM*, COMPAÑIA CHILENA de  ) **STOCKTON'S MOTION FOR**
15 | NAVEGACION INTEROCEANICA      ) **SUMMARY JUDGMENT; AND**
   | S.A., PORT OF STOCKTON, and   ) **ORDER GRANTING EX PARTE**
16 | SECHSTE REEDEREI ALSTERUFER   ) **APPLICATION**
   | 26 GmbH & CIE. KG             ) **(Pursuant to Local Rule 6-144)**
17 |                               )
   |          Defendants.          ) Present Hearing Date:  April 3, 2006
18 |_____) Time:  9:00 A.M.
   |                                 Courtroom 3
19 |                                 Hon. Morrison C. England, Jr.

20

21       TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

22       Plaintiffs, Lester A. Ferreira, Sr. and Eva Ferreira, apply to this Court for an

23 order continuing:  (1) for approximately 30 days, the presently scheduled hearing

24 date of April 3, 2006 on Port of Stockton's Motion for Summary Judgment; and

25 (2) the deadline for Plaintiffs to file an opposition to the motion for summary

26 judgment to 14 days before the continued hearing date.  Plaintiff also moves for an

27 order continuing the Court's Order setting the last day to hear dispositive motions

28 for April 4, 2006, for the sole purpose of hearing this motion.

1

Plaintiffs' Ex Parte Application for an Order Continuing Port of Stockton's
Motion for Summary Judgment; and Order Granting Ex Parte Application       Case No. CIV. S-04-1916 MCE DAD

1    Plaintiffs' Ex Parte Application is necessary and good cause exists for

2    granting plaintiff's Ex Parte Application for the following reasons:

3    **1.    Basis for the Continuance; Necessary Discovery Needs to Be**

4    **Completed**

5    Plaintiff, Lester A. Ferreira, Sr., a longshoreman alleges that he was injured

6    on January 25, 2003, in the course of line hauling the vessel M/V CCNI

7    ANTOFAGASTA when he was struck by a heavy mooring line that caught on the

8    Port of Stockton's fendering system.  Plaintiffs brought this action under 33

9    U.S.C. §§ 905(b) and 933 for negligence against the vessel owner, Sophie

10   Rickmers Schiffahrtsgesellschaft mbH & CIE. KG, and for a dangerous condition

11   on public property against the Port of Stockton.  Plaintiff's wife, Eva Jean

12   Ferreira, also has a cause of action for loss of consortium against all Defendants.

13   On March 6, 2006, the Port of Stockton ("Port") filed a motion for summary

14   judgment, arguing "that no triable issue of material fact exists as to:  (1) the

15   defense of design immunity under California Government Code section 830.6; (2)

16   the alleged failures to maintain or warn of a dangerous condition; and (3) lack of

17   landowner liability for injuries sustained by an employee of independent

18   contractor."  (Port's Notice of Motion at 1:24-27.)  The issues raised in the Port's

19   motion are complex and fact intensive.  (Declaration of Edward M. Bull, III, filed

20   in Support of Plaintiff's Ex Parte Application ¶ 4, filed herewith.)

21   Plaintiffs have not had an opportunity to conduct all the discovery that is

22   necessary to be fully prepared to oppose the Port's motion for summary judgment.

23   That discovery is:

24       1.    Deposition of Port employee/representative, Mark Tollini, who has

25             been identified as having received repeated complaints about the

26             fendering system during safety meetings;

27   ///

28   ///

1    2.    Deposition of Port employee/representative, Mike Tyler, who also has

2    been identified as having received repeated complaints about the

3    fendering system during safety meetings;

4    3.    Deposition of Mr. S.Y. Kim, Port Engineer, who filed a declaration in

5    support of the Port's motion for summary judgment and attested to

6    key issues in the Port's motion;

7    4.    Deposition of the Person(s) Most Knowledgeable ("PMK") for

8    Stevedoring Services of America ("SSA"), whose deposition was

9    already noticed, but not completed.  One PMK may presumably be

10    Daniel Speers, who also filed a declaration in support of the Port's

11    motion and attested to key issues in the Port's motion; and

12    5.    Subpoenaing minutes from the International Longshore Warehouse

13    Union ("ILWU") and/or Pacific Maritime Association ("PMA")

14    safety meetings where the complaints regarding the fendering system

15    were raised (which were described by witness, David Caruso in his

16    deposition of February 16, 2006).

17  (Bull Decl. ¶ 5.)  Plaintiffs may also take the deposition of Virgil Konshack, a

18  senior longshoreman and safety representative from the ILWU.  It is anticipated

19  that all of this discovery can and will be completed by the non-expert discovery

20  cut-off of April 7, 2006.  (Id.)

21    **2.**    **Plaintiffs' Request for Continuance, Plaintiffs' Presentation of**

22  **Applicable Case Law to the Port and the Port's Refusal to Agree to**

23  **Continuance**

24    On March 13, 2006, Plaintiffs' counsel, Edward M. Bull, III, requested that

25  counsel for all defendants, John Giffin, Esq., for the vessel owner Sophie

26  Rickmers Schiffahrtsgesellschaft mbH & CIE. KG and Daniel Truax, Esq., for the

27  stipulate to a 30-day continuance of the hearing on the Port's motion so that the

28  necessary discovery could be completed.  (Bull Decl. ¶ 6.)  On March 14, 2006,

the Port's counsel Mr. Truax advised that he needed to discuss the request with his client. (Id. ¶ 7.)  On March 15, 2006, after not hearing from Mr. Truax, Mr. Bull emailed Mr. Truax, requesting a response by that day and providing specific authority under the Federal Rules of Civil Procedure, Rule 56(f) and case law providing for the continuance of motions where discovery is necessary.  (Id. ¶ 8.)

Rule 56(f) specifically provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Plaintiffs cannot present by affidavits facts essential to opposing the Port's motion for summary judgement because they do not have ex parte access to the Port's representatives or employees (e.g., Mr. Tollini, Mr. Tyler and Mr. Kim).  (Bull Decl. ¶ 10.)  Further, Plaintiffs are not aware of who are the PMK's that will be produced in response to the outstanding deposition notice for SSA.  Presumably, one such person will be Mr. Speers, who filed a declaration in support of the Port's motion.  Plaintiffs, are therefore, not in a position to obtain a counter affidavit from him.  (Id.)  Plaintiffs are also not in a position to obtain affidavits regarding minutes from the safety meetings since those are documentary in nature.  (Id.)

The hearings on motions for summary judgment are routinely continued where discovery needs to be completed in order to oppose the motion.  See, e.g., International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F2d 946, 949 (3rd Cir. 1990) ["where the facts are in the possession of the moving party, a continuance . . . should be granted almost as a matter of course"]; Redmond v. Burlington N. R.R. Co. Pension Plan, 821 F.2d 461, 469 (8th Cir. 1987) ["a party must have an adequate opportunity to develop his claims through discovery before summary judgment is appropriate."]  (Bull Decl. ¶ 9.)

///

1    As of the time of filing this Ex Parte Application, counsel for the Port has

2    not stipulated to the continuance.

3    **3.    Conclusion**

4    The Port's motion is premature and not appropriate until the discovery set

5    forth above is completed.  As the trial date in this case is not until August 9, 2006,

6    resolution of the Port's motion in early May will not prejudice any party.

7    Plaintiffs, however, will be prejudiced if they are not given the opportunity to

8    complete the necessary discovery.  For the foregoing reasons, Plaintiffs' Ex Parte

9    Application should be granted.

10    Since Plaintiffs' opposing papers are presently due on Monday, March 20,

11    2006, Plaintiffs respectfully request that their application be expeditiously

12    considered.

13

14    DATED:  March 15, 2006          BANNING MICKLOW BULL & LOPEZ LLP

15

16    By:  _____/S/ Edward M. Bull_____
              EDWARD M. BULL, III

17              EUGENE A. BRODSKY
              JENNIFER L. FIORE

18              Attorneys for Plaintiffs
              LESTER A. FERREIRA SR.

19              and EVA JEAN FERREIRA

20

21

22    **ORDER**

23    Having considered Plaintiffs' Ex Parte Application for an Order Continuing

24    the due date for his opposition papers and the hearing date on the Port of

25    Stockton's Motion for Summary Judgment, and good cause appearing,

26    IT IS HEREBY ORDERED THAT:

27    1.    The hearing on the Port of Stockton's Motion for Summary Judgment

28    is continued to May 1, 2006;

1         2.     Plaintiff's opposition papers are due 14 days before the new hearing

2    date;

3         3.     The Port of Stockton's reply papers are due 7 days before the new

4    hearing date; and

5         4.     The last day for hearing dispositive motions is continued to the new

6    hearing date solely to allow the hearing on this motion.

7

8    Dated: March 30, 2006

9

10

11   _____

12   MORRISON C. ENGLAND, JR
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Ex Parte Application for an Order Continuing Port of Stockton's
Motion for Summary Judgment; and Order Granting Ex Parte Application    Case No. CIV. S-04-1916 MCE DAD