UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LESTER A. FERREIRA SR.
and EVA JEAN FERREIRA,                    2:04-CV-1916-MCE-DAD

      Plaintiffs,

    v.                                    MEMORANDUM AND ORDER

M/V CCNI ANTOFAGASTA, her
engines, tackle, apparel,
furniture, etc., COMPANIA
CHILENA DE NAVEGACION
INTEROCEANICA S.A., *IN REM*,
PORT OF STOCKTON, SECHSTE
REEDEREI ALSTERUFER 26 GmbH &
CIE KG, and SOPHIE RICKMERS
SCHIFFAHRTSGESELLSCHAFT mbH &
CIE KG,

      Defendants.

----oo0oo----

Through the present motion Defendant SOPHIE RICKMERS

SCHIFFAHRTSGESELLSCHAFT mbH & CIE, KG ("Defendant") has moved to

modify this Court's April 1, 2005, Pretrial Scheduling Order

("PTSO").  Defendant seeks leave of court to allow deposition of

a trial witness beyond the discovery cut off date set forth in

the PTSO.  As explained below, the Court denies Defendant's

1

Motion and hereby reaffirms the PTSO in its entirety.  However, the Court orders this addendum to Its PTSO permitting Defendant to obtain the deposition of Mr. Yury Ilyn as requested.[1]

## BACKGROUND

Plaintiff Lester A. Ferreira, Sr. ("Ferreira") filed a Complaint alleging injuries sustained during a line hauling operation at the Port of Stockton, Dock 10-11.  Defendant is the ship owner that owned and operated the M/V CCNI ANTOFAGASTA on July 25, 2003, the date of Plaintiff's alleged injury.  On that date, Mr. Yury Ilyn ("Ilyn") was Defendant's Chief Officer in charge of supervising the line hauling operations.  Ilyn asserts he was present and witnessed the incident in question.

Defendant contends that Ilyn has been at sea at least since the PTSO was issued and was unavailable to be deposed until very recently.  Defendant further avers that its attempts to contact Ilyn during the discovery period were unavailing until beyond the discovery cut off date.  Defendant has since successfully contacted Ilyn and asserts that he has personal knowledge of the events at issue and will testify on behalf of Defendant if so permitted.  Ilyn is returning to sea on July 9, 2006, rendering him unavailable during the period designated for trial.  Consequently, Defendant seeks to acquire the taped deposition testimony of Ilyn prior to his return to sea.

---

[1]Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

**STANDARD**

The Federal Rules of Civil Procedure permit a party to introduce at trial the deposition of a witness if the witness is more than 100 miles from the place of trial or is unable to appear because of imprisonment. *Fed. R. Civ. P. 32(a)(3)(B) & (C)*. In situations where a party can present the testimony of a witness only by means of a deposition, the taking of that deposition would be for a different purpose than the taking of a discovery deposition, and should be allowed without regard to any discovery deadlines. *Estenfelder v. Gates Corp.*, 199 F.R.D 351, 354 (D. Colo. 2001).

**ANALYSIS**

**1.    Character of Deposition**

Plaintiffs informally contend that Defendant may not depose Ilyn because doing so would violate the PTSO as the discovery cut off date has passed. Defendants rebut that the taking of Ilyn's deposition is not discovery but instead preservation of trial testimony. This issue has been discussed in a number of courts but is an issue of first impression in this district. After due consideration of both the Federal Rules of Civil Procedure as well as applicable case law, the Court agrees with Defendant and concludes that the taking of Ilyn's deposition is not discovery but is instead preservation of trial testimony.
*///*

3

1    As an initial matter, the Federal Rules of Civil Procedure
2    do not clearly differentiate between depositions purely for
3    purposes of discovery and depositions intended to preserve trial
4    testimony of an unavailable witness.   Nonetheless, a distinction
5    has been recognized in several jurisdictions.   *See Spangler v.*
6    *Sears, Roebuck and Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991)
7    (holding that even though discovery has closed "a party may still
8    prepare for trial by taking the depositions of witnesses whose
9    unavailability for trial is anticipated"); *see also Charles v.*
10   *F.W. Wade,* 665 F.2d 661 (5th Cir. 1982) (holding that it was an
11   abuse of discretion for a trial court to refuse to permit a
12   deposition for trial testimony solely on the basis that discovery
13   had closed); *see also Estenfelder*, 199 F.R.D at 355 ("[C]ourts
14   cannot ignore a party's need to *preserve* testimony for trial, as
15   opposed to the need to *discover* evidence, simply because the
16   period for discovery has expired") (emphasis in original).

17   In a particularly well thought opinion, the *Estenfelder*
18   court cited four factors relevant to whether or not a deposition
19   should be considered discovery or preservation of trial
20   testimony.   Those factors are as follows: (1) the prejudice or
21   surprise of the party against whom the witness will testify; (2)
22   the availability of a cure for that prejudice; (3) the extent to
23   which the allowance of the deposition would disrupt the flow of
24   the case; (4) moving party did not act in bad faith or willfully
25   in seeking the deposition after the discovery period had ended.
26   *Id.* at 356.   As discussed infra, the Court concludes that what
27   Defendant seeks here is preservation of trial testimony rather
28   than discovery.

4

1    First, the Court is persuaded that Plaintiff will not be

2 prejudiced should the Court permit Defendant to depose Ilyn.

3 Specifically, Defendant noticed the deposition of Ilyn nearly

4 three months prior to the date set for trial.  In addition, the

5 testimony will be obtained two months in advance of trial giving

6 Plaintiff ample time to review the testimony in preparation for

7 trial.  In addition, permitting Defendant to obtain Ilyn's

8 testimony will not disrupt the flow of the trial as it will be

9 concluded long before trial begins.  Lastly, the Court finds that

10 Defendant is not acting in bad faith by seeking Ilyn's deposition

11 after the close of discovery.  In fact, the Court is persuaded

12 that Defendant diligently pursued Ilyn's testimony but was unable

13 to obtain the same due to Ilyn's unavailability.  In sum, the

14 Court concludes that justice is best served by permitting

15 Defendant to preserve Ilyn's testimony for trial through

16 deposition irrespective of the close of discovery.

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

**CONCLUSION**

2

3       For the reasons set forth above, Defendant's Motion to
4   Modify the PTSO is DENIED.   However, the Court orders this
5   addendum thereto permitting Defendant to obtain the deposition of
6   Mr. Yury Ilyn as requested.

7

8   IT IS SO ORDERED.
9   DATED: June 22, 2006

10

11

12                                    _____
13                                    MORRISON C. ENGLAND, JR
                                      UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28