UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LESTER A. FERREIRA,  SR.
and EVA JEAN  FERREIRA.,                    No. 2:04-cv-1916-MCE-DAD

          Plaintiffs,

     v.                                      MEMORANDUM AND ORDER

M/V CCNI ANTOFAGASTA, her engines,
tackle, apparel, furniture, etc.,
IN REM, COMPANIA CHILENA de
NAVEGACION INTEROCEANIA S.A.,
PORT OF STOCKTON, and SECHSTE
REEDEREI ALSTERUFER 26 GmbH &
CIE. KG,,

          Defendant.


                    ----oo0oo----


     This matter comes before the Court on the September 26, 2006

Bill of Costs submitted by Plaintiff Lester A. Ferreira Sr.

(hereinafter "Plaintiff") pursuant to 28 U.S.C. § 1920, following

a jury verdict in favor of Plaintiff reached on September 12,

2006.

1    On August 17, 2007 the Court issued a Minute Order
2  indicating that Plaintiff had failed to state with specificity
3  the need for photocopies, trial exhibits and other
4  exemplifications for which reimbursement is requested.  In
5  addition, the Court further observed that Plaintiff, in his Bill
6  of Costs, had failed to demonstrate any extraordinary
7  circumstances justifying the award of travel costs associated
8  with depositions in this case.  Although the Court's Minute Order
9  permitted Plaintiff to provide further supporting documentation
10 as to these items within twenty (20) days and allowed Plaintiff
11 to provide further support for these costs.

12    Plaintiff made no response to the Court's Minute Order.
13 Consequently, the Court will now determine the costs Plaintiff is
14 entitled to based upon Plaintiff's original motion.  Defendant
15 Sophie Rickmers Schiffahrtsgesellschaft mbH & CIE KG submitted
16 opposition to Plaintiff's motion, claiming Plaintiff is not
17 entitled to recovery of costs, but urging the Court to award not
18 more than $2,880.78 should it conclude otherwise.

19    The Court has now reviewed Plaintiff's Bill of Costs, along
20 with the documentation submitted in support thereof, and has
21 further reviewed Defendant's objections.  Costs are awarded to
22 Plaintiff as set forth below.

23
24                              **STANDARD**
25
26    Under Federal Rule of Civil Procedure 54(d), the prevailing
27 party in a lawsuit may recover its costs "unless the court
28 otherwise directs."

As this language suggests, the ultimate decision on whether to award costs is a matter within the court's discretion. Association of Mexican-American Educators v. State of Calif., 231 F.3d 572, 591-92 (9th Cir. 2000).  If the Court declines to award costs as requested by the prevailing party, however, it should specify its reasons for doing so.  Berkla v. Corel Corp., 302 F.3d 909. 921 (9th Cir. 2002).  Claims for cost items not properly documented will generally not be allowed.  English v. Colorado Dept. Of Corrections, 248 F.3d 1002, 1013 (10th Cir. 2001).

**ANALYSIS**

Turning to the specific items of costs claimed by Plaintiff, private process servers' fees are recoverable as costs.  Alflex Corp. v. Underwriters Lab., 914 F.2d 175 (9th Cir. 1990). Section 1920(1) allows "fees of the clerk and marshal" to be taxed as costs, and a private process servers' fees are now treated like those of marshals for cost taxing purposes.  Id.  Accordingly, Plaintiff's unopposed request for process servers' fees in the amount of $168.02 is GRANTED.

Defendants take issue with the costs incurred by Plaintiff in obtaining the transcripts of depositions taken in this case. Plaintiff argues the majority of these depositions were not for use at trial, and that daily copies of trial transcripts were unnecessary.  The cost of depositions is taxable pursuant to Section 1920(2).  Alflex Corp., 914 F.2d at 177.

///

3

The Ninth Circuit has instructed that "deposition costs are taxable if they are reasonably necessary for trial." Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998); see also Washington State Dept. of Transp. v. Washington Natural Gas Co., Pacificorp, 59 F.3d 793, 806 (9th Cir. 1995) ("disallowance for expenses of depositions not used at trial is within the district court's discretion.")  The cost of daily copies of trial transcripts is recoverable if a daily transcript is indispensable due to the length and complexity of trial.  A.B.C. Packard, Inc. v. General Motors Corp., 275 F.2d 63, 75 (9th Cir. 1960).

Plaintiff has requested $5,806.93 for the court reporter's fees and other fees involved with obtaining depositions.  The Court finds this amount is inappropriate as the cost associated with obtaining copies of the trial transcript ($142.76) was not indispensable.  Plaintiff failed to provide justification for this expense as allowed by this Court's Minute Order.  Accordingly, the Court finds Plaintiff is entitled to only $5,664.17 for deposition transcripts and associated costs.

Witness fees are taxable under Rule 54(d) and Sections 1920 and 1821, all of which govern the allowance of witness fees. Witness fees are limited to $40.00 per day, as set forth in Section 1821.  The travel expenses of witnesses are also taxable under Section 1821.

Defendant objects to the amount Plaintiff seeks for attorney travel costs for depositions.  Section 1920 does not provide for attorney travel expenses and cases have held such expenses are not taxable as costs.

///

1  See City Bank of Honolulu v. Rivera Davila, 438 F.2d 1367, 1371

2  (1st Cir. 1971) (travel expenses for attending depositions were

3  not taxable as costs); Walters v. President and Fellows of

4  Harvard College, 692 F. Supp. 1440, 1442 (D. Mass. 1988)

5  ("Section 1920 makes no provision for the recovery of traveling,

6  parking or miscellaneous expenses incurred by the prevailing

7  party's attorneys."); 10 Wright et al., Federal Practice and

8  Procedure § 2677 at 370-71; Willis Corroon Corp. v. United

9  Capitol Ins. Co., 1998 U.S. Dist. LEXIS 5394 (N.D. Cal. 1998).

10 Defendant's objections are well taken and appropriate.  Plaintiff

11 cannot recover the $8,982.50 sought for the travel expenses of

12 Plaintiff's attorney.  The Court will therefore reduce the total

13 amount of witness fees sought by Plaintiff to the allowable

14 amount of $1,764.82.

15      The final area of disagreement pertaining to awardable costs

16 pertains to fees for exemplification and copies of papers

17 necessarily obtained for use in this case.  While such fees are

18 unquestionably proper under 28 U.S.C. § 1920(4), Defendant argues

19 Plaintiff has not stated with specificity the necessity of his

20 exemplification and copying expenses.  28 U.S.C. § 1920(4)

21 enables a court to award copying costs for any document

22 "necessarily obtained for use in the case" and does not

23 specifically require that the copied document be introduced into

24 the record to be an allowable cost.  Haagen-Dazs Co. v. Double

25 Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587 (9th Cir. 1990).

26 ///

27 ///

28 ///

5

The mere recitation of the phrase "necessarily incurred", as Plaintiff has done in his Bill of Costs, is not sufficient to meet the requirements of Section 1920 and the supporting authorities.  <u>El Dorado Irrigation Dist. v. Traylor Bros.</u>, 2007 U.S. Dist. LEXIS 14440 (E.D. Cal. 2007).

Plaintiff has failed to provide the Court with any specific basis justifying the copying and exemplification costs he now seeks.  In its Minute Order, the Court allowed Plaintiff another opportunity to make the necessary showing required for recovering expenses for exemplifications and copies.  Plaintiff neglected to respond to the Minute Order.  The Court finds that Plaintiff is not entitled to the requested $6,997.61 in costs for exemplifications and copies.

**CONCLUSION**

Based on the foregoing, Plaintiff is entitled to recover $7,597.01 in allowable costs.  The judgment in this matter shall be amended accordingly.

IT IS SO ORDERED.

Dated: October 15, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE